# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STACY RYAN,<br><br>                                 Plaintiff,<br><br>     vs.<br><br>CONSTANCE CONNIE RYAN, and STRECK, INC.,<br><br>                                Defendants. | 8:15CV312<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on remand from the United States Court of Appeals for the Eighth Circuit for further consideration of the Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), ECF No. 20, filed by Plaintiff Stacy Ryan (Stacy). For the reasons stated below, Stacy's Rule 59(e) Motion will be denied as moot.

## BACKGROUND

This Court and the United States Court of Appeals for the Eighth Circuit previously recited the facts alleged in Stacy Ryan's Complaint, ECF No. 1. *Ryan v. Ryan*, 889 F.3d 499, 502-04 (8th Cir. 2018); Mem. and Order, ECF No. 18; Mem. and Order, ECF No. 27. The following is a summary of the alleged facts relevant to Stacy's Rule 59(e) Motion:

In 1985, Stacy and her siblings were each given 5,500 voting shares and 2,789,470 nonvoting shares of Streck, Inc., (Streck) stock, following stock splits. On November 10, 2008, Stacy Ryan and Streck executed a revised Redemption Agreement (RRA) that gave Streck the right to redeem Stacy's shares at Streck's election. Paragraph 9 of the RRA provides:

> Any stock purchase by [Streck] pursuant to this Agreement shall be purchased at the fair market value of the stock (subject to any applicable

discounts or adjustments) as set forth in the most recent valuation prepared by Juris Valuation Advisors, LLC, or such successor appointed by [Streck] in its sole discretion, immediately preceding the date of the written notification of the option exercised by [Stacy] or [Streck], or the date of death of the Decedent or Transferee, as the case may be.

ECF No. 1, Page ID 35.

On June 19, 2012, Dr. Wayne Ryan, the founder of Streck, sent Stacy a letter informing her that Streck elected to redeem her shares for $3.32 per nonvoting share and $3.49 per voting share, a total valuation of $9,280,235. The redemption price was based on the most recent valuation by Juris Valuation Advisors, LLC (JVA), dated September 28, 2011, reflecting the value of the shares as of July 29, 2011. Dr. Ryan also enclosed with the letter a Stock Purchase Agreement (SPA) for Stacy to sign.

On June 28, 2012, when Stacy had not yet executed the SPA, she sent Dr. Ryan and Connie Ryan, Streck's CEO, a request for Streck's corporate records under Nebraska law. In a July 3, 2012, letter, Streck denied Stacy's request because she was no longer a shareholder. Although Streck maintained that Stacy was no longer a shareholder, Streck's attorneys continued to ask Stacy to execute the SPA, which she ultimately did on August 22, 2012. The SPA stated Stacy's $9,280,235 payment was "determined according to paragraph 9 of the [RRA]." ECF No. 1, Page ID 37. A June 5, 2014, JVA valuation valued Streck's voting stock at $8.33 per share and its nonvoting stock at $8.09 per share as of March 7, 2013.

Stacy filed this lawsuit on August 21, 2015, asserting a claim for breach of contract and several other claims under state and federal law. Her breach-of-contract claim was based on the allegation that Streck violated Paragraph 9 of the RRA because the 2011 JVA valuation used to determine the price of Stacy's shares at the time of redemption did

2

not reflect the actual fair market value of her shares. The Defendants filed a motion to dismiss all of Stacy's claims under Fed. R. Civ. P. 12(b)(6). Sometime after December 23, 2015, when the parties had fully briefed and submitted the Rule 12(b)(6) motion to dismiss, but before the Court had ruled on the motion, Dr. Ryan voluntarily gave Stacy a two-page excerpt from a 2012 JVA valuation report which showed that, as of July 27, 2012, the discounted fair market value of Streck stock was $4.42 per voting share and $4.21 per nonvoting share. ECF No. 22. Stacy did not seek leave to amend her Complaint or otherwise bring this evidence to the Court's attention and, on February 18, 2016, the Court dismissed all of Stacy's claims under Fed. R. Civ. P. 12(b)(6) and entered judgment against her. ECF Nos. 18 and 19.

On March 17, 2016, Stacy filed a Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e) based, in relevant part, on her discovery of the 2012 JVA valuation report excerpt. ECF No. 20. The Court denied that motion and, on appeal, the Eighth Circuit remanded "for further consideration of whether Stacy's post-dismissal motion to alter or amend presented newly discovered evidence warranting alteration of the order dismissing her breach of contract claim." *Ryan*, 889 F.3d at 502.

## DISCUSSION

The Court must decide whether it will continue to exercise supplemental jurisdiction over the only claim remaining in this case. *Free the Nipple-Springfield Residents Promoting Equality v. City of Springfield*, 153 F. Supp. 3d 1037, 1044 n.2 (W.D. Mo. 2015) (explaining that district courts may sua sponte decline supplemental jurisdiction) (citing *Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006)); *accord Ramlet v. E.F. Johnson Co.*, 464 F. Supp. 2d 854, 864 (D. Minn. 2006). Stacy's sole remaining

3

claim is for breach of contract under Nebraska law. *Ryan*, 889 F.3d at 509-510 (directing this Court "to vacate that portion of the judgment dismissing Count IX of the Complaint"). Yet the parties are not diverse. *See* Comp. ¶¶ 1-6, ECF No. 1, Page ID 1; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000.").

At the outset of this case, the Court had supplemental jurisdiction over Stacy's breach-of-contract claim under 28 U.S.C. § 1367. Since then, all the claims over which the Court had original subject-matter jurisdiction, as well as Stacy's other state-law claims, have been dismissed, and "[a] district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)); *see also* 28 U.S.C. § 1367(c). In this context, the Eighth Circuit has "stress[ed] the need to exercise judicial restraint and avoid state law issues wherever possible." *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (quoting *Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir. 2000)); *see also Bissada v. Ark. Children's Hosp.*, 639 F.3d 825, 833 (8th Cir. 2011) (referring to the [Eighth Circuit's] preference to decline to exercise supplemental jurisdiction after all federal claims are dismissed"). In deciding whether to exercise supplemental jurisdiction, "courts consider 'factors such as judicial economy, convenience, fairness and comity.'" *Glorvigen*, 581 F.3d at 749 (quoting *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006)).

4

This case has not progressed beyond the pleading stage. The Eighth Circuit remanded this case and instructed the Court to determine the procedural issue of whether the two-page excerpt from the 2012 JVA valuation report constitutes newly discovered evidence for purposes of Rule 59(e). If it does, the Eighth Circuit stated Stacy's claim for breach of contract "becomes very plausible"[1] and that there is a preference, under Rule 15(a)(2), for "affording parties an opportunity to test their claims on the merits." *Id.* By declining supplemental jurisdiction over Stacy's breach-of-contract claim, the Court avoids resolving a purely state-law claim between citizens of the same state and Stacy can file her claim in Nebraska state court where she can seek an adjudication on the merits. *Quinn*, 470 F.3d at 1249 ("Where, as here, resolution of the remaining claims depends solely on a determination of state law, the Court should decline to exercise jurisdiction."). Accordingly, the factor of comity weighs in favor of this Court declining supplemental jurisdiction.

In considering the factor of fairness, the Court recognizes that it must be cognizant of the applicable statute of limitations. To the extent that the limitations period is a concern, Neb. Rev. Stat. § 25-201.01[2] affords Stacy additional time to file her breach-of-

---

[1] Stacy did not make the Court aware of the newly discovered 2012 JVA valuation report before the Court ruled on the Rule 12(b)(6) motion to dismiss. Although the Court may not consider Streck's evidence supporting its futility argument in assessing the plausibility of Stacy's breach-of-contract claim, that evidence casts doubt on the likelihood of success on that claim in later the stages of this case. *See* RRA ¶ 9, ECF No. 1, Page ID 35; ECF No. 50 (showing that although the 2012 JVA report valued Streck shares as of July 27, 2012, Streck did not receive that report until October 2012).

[2] Section 25-201.01 provides:

(1) If an action is commenced within the time prescribed by the applicable statute of limitations but the plaintiff fails in the action for a reason other than a reason specified in subsection (2) of this section *and the applicable statute of limitations would prevent the plaintiff from commencing a new action*, the plaintiff . . . may commence a new action within the period specified in subsection (3) of this section.

contract claim in Nebraska state court following this Court's decision to decline supplemental jurisdiction.[3] Accordingly, the factor of fairness does not weigh against this Court declining supplemental jurisdiction.

The Court also finds that the factors of judicial economy and convenience are either neutral or weigh in favor of the Court declining supplemental jurisdiction. Therefore, after considering the appropriate factors, the Court declines supplemental jurisdiction over Stacy's breach-of-contract claim.

## CONCLUSION

The Court will vacate that portion of the Order, ECF No. 18, and that portion of the Judgment, ECF No. 19, that dismissed Count IX of the Complaint for breach of contract with prejudice. *Ryan*, 889 F.3d at 509-10. The Court also will decline to exercise supplemental jurisdiction over Count IX and will dismiss that claim without prejudice. Stacy's Rule 59(e) Motion asking the Court to alter its Order and Judgment to allow her to proceed on Count IX is, therefore, denied as moot. Accordingly,

IT IS ORDERED:

1. The Motion to Alter or Amend Judgment, ECF No. 20, filed by Plaintiff Stacy Ryan, is denied as moot;

---

(2) A new action may not be commenced in accordance with subsection (1) of this section when the original action failed (a) on the merits of the action, (b) as a result of voluntary dismissal by the plaintiff for a reason other than loss of diversity jurisdiction in a federal court, (c) as a result of the plaintiff's failure to serve a defendant within the time prescribed in section 25-217, or (d) as a result of any other inaction on the part of the plaintiff where the burden of initiating an action was on the plaintiff.

(3) A new action may be commenced in accordance with subsection (1) of this section within a period equal to the lesser of (a) six months after the failure of the action or (b) a period after the failure of the action equal to the period of the applicable statute of limitations of the original action.

[3] The Court is not dismissing Count IX for any of the reasons provided in § 25-201.01(2). The Court is exercising its discretion to decline supplemental jurisdiction over Count IX.

2. That portion of the Order, ECF No. 18, and that portion of the Judgment, ECF No. 19, dismissing Count IX of the Complaint with prejudice are vacated;

3. Count IX of the Complaint is dismissed, without prejudice; and

4. An amended judgment will be entered.

Dated this 24th day of September, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge